We will head to our second case. Mr. Beck. Thank you, Your Honor. May it please the court. Today I rise to argue that Mr. William Bridges, who long ago pled no low contender before a Florida court and had his adjudication withheld, was neither convicted nor convicted of a sex offense, nor has the government shown in its mission and otherwise. Each of these arguments separately requires reversal the district court's judgment and dismissal of the instant proceedings. To begin with the term conviction, the Florida adjudication was not a conviction for several reasons. First of all, conviction is defined in section 111 of SORNA, which is the subsection 8 of the definition section, and that definition says, with respect to a sex offense, it includes adjudicated delinquent as a juvenile for that offense, but only if the offender is 14 years old at the time and the offense adjudicated was comparable to or more the definition section is specifically directed at juveniles. However, it's important to the statute because it lets the world know, by way of example, that adjudication is not optional in terms of what the statutory requirements are. Why does the Florida statutory definition matter in this context when we're adjudicating a federal conviction and the Attorney General has spoken to what conviction is for purposes of this case? Your Honor, perhaps I misspoke. I was reading from the SORNA definition, and that SORNA definition is what, together with the rest of the definition section, is going to depend on the outcome. I agree with the court's comment, though, that the Florida definition is not significant to the outcome because Florida, as the government has pointed out in the government's briefing, regards a withheld adjudication as something that you have to register for under Florida law, but that doesn't govern SORNA because SORNA has separate statutory requirements. Moving on. If we take your view, are we creating a circuit conflict with the 8th and 11th circuits? Your Honor, you may be creating a circuit conflict, but in my view it's better to make the right decision than avoid a circuit. But we would be that my focus of my argument has not been the 8th and 11th circuit. I will defer to the court's judgment that that would be a circuit conflict, but in my view... But, where you're talking about federal sentencing, isn't uniformity a desirable goal? I mean, you don't want to seek out situations where you have one circuit saying that the Florida proceeding has one effect and that another circuit saying that the Florida proceeding has another effect in the course of the federal statute. You don't want different defendants in different circuits treated unequally as a matter of law. Your Honor, uniformity is a goal, but that's why we have the Supreme Court to sort out circuit conflicts, and I think the uniformity that's most important in this respect is uniformity in accordance with the statutory requirements with SORNA. And SORNA, doesn't SORNA say that an adult sex offender is convicted for SORNA purposes if the sex offender remains subject to penal consequences based on the conviction, however it may be styled based on what the SMART guidelines say? That is the wording of the SMART guidelines, but it's interesting because that wording of the SMART guidelines refers to how a conviction is styled, but it doesn't include the process of withholding an adjudication in the list of examples of what constitutes a conviction. And because it doesn't, to the extent that the SORNA definitions, definition section, and also when I include the SORNA definition section, I'm also talking about the other subsections which define the tiers. SORNA is like ACCA in the sense that it's a categorical statute. It references what a conviction is by describing categories of crimes and it makes a comparison. Would you agree that probation is a penal consequence? Probation is a is a penal consequence, but I don't believe that wording is clear enough because it doesn't reference a withheld adjudication. Because it says however it may be styled, so it doesn't matter that it's a the wording however it may be styled refers to a the conviction, but it doesn't refer to the process of withholding adjudication. The, let me move on. The conclusion that I've just submitted with respect to the SORNA wording is also consistent with both our common law history and also the common understanding of what a conviction is. It's our common understanding of what a conviction is when you speak of, say for example, Black's Law Dictionary as a source of common usage, that what that what you have is the act of adjudicating. When a judgment on its face says that adjudication has been withheld, then you are lacking the one act that you need to make it a judgment of guilt. But the probation hasn't been withheld. The probation was not withheld, but the adjudication was withheld. Penal consequence hasn't been withheld. Well, yes, your honor, but I don't, again, I don't agree that the SMART guidelines are so clear with respect to withheld adjudication that they, as opposed to the statutory language, win the day. I was talking about the Black's Law Dictionary definition. Let me just point out that that definition is also consistent with the common law, and we have this common law history, where for a judgment to count as a conviction, then it must include an adjudication of guilt. When the judgment says there's no adjudication of guilt, then the consequence of that is it doesn't count as an adjudication of guilt. And then under SORNA, there's no basis for Let me move on to the second point, which is the definition of sex offense. With respect to the definition of sex offense... Was that raised with the district court? No, your honor, it wasn't directly raised with the district court. However, it's important for the following reasons. First of all, it's a matter of statutory interpretation. As the government's own brief points out, a matter of statutory interpretation is subject to de novo review. Also, as the Henderson... But if it's raised, I mean, the question is not only whether it was raised, but there's another question about whether it was encompassed by the... excluded by the appeal waiver. The only thing outside the scope of the appeal waiver is a motion to dismiss the indictment, and that motion to dismiss the indictment argued the first question that we've just been discussing, but no other. Well, let me answer you in a couple ways, your honor. First of all, that the Henderson case, which I was just referencing, says that when there's a question as to a... In Henderson, it was specific, it was a tapia error, which is statutory construction, as in this case. When it was not argued before the district court, but then goes up to the Court of Appeals, the Court of Appeals is entitled to find plain error, even though it wasn't raised directly before the Court of Appeals. But that's different than the argument you made in your brief, where you said the court reviews the issue de novo. I mean, those are two entirely different standards. Your honor, you're right about de novo review. Under Henderson, it would be subject to a plain error review. Now you're conceding plain error review. Well, your honor, the reason I mentioned de novo review was because that was the suggestion in the government's brief as to statutory construction. I actually think that this court has enough flexibility to choose between plain error and de novo, but in either case should award relief to Mr. Bridges. But if something is within the scope of a waiver, of an explicit waiver, that's a matter of having waived the argument, and a positive waiver is different from a failure to raise. Your honor, I don't... You're facing initially the need to explain why you haven't affirmatively waived it, and then, if you get over that, it wasn't raised. So even if you clear the initial hurdle, all that gets you to is plain error. But I have a question as to whether, you know, if something is affirmatively waived, we don't even do plain error review on that. It's just waived. Your honor, I don't believe that it can be waived in the context when new case law creates the impetus for the argument. Sure it can, because if you waive something, you're waiving all arguments with respect to the issue. Well, your honor, in terms of the court's earlier comment about fairness and uniformity, I don't... The point of Henderson is that we have fairness and uniformity and treat criminal defendants alike. This was a, you know, this was a case... Whenever you have a guilty plea, one of the things you waive is the possibility that future events might be favorable to your client. But you also cushion yourself against adverse future consequences, too. So, you know, you make a choice. You accept the good and the bad. Your honor, one other point that I'll make. The District Court, in its analysis, said that the government had reached a stipulation as to the conviction. When it said a stipulation as to the conviction element, it wasn't referring to a stipulation as to a conviction for a sex offense. And I think, at least in that implicit way, that remained part of the record, because since the government was making that stipulation, for that stipulation to be effective in proving a conviction... You haven't explained to me why it isn't within the scope of the appeal waiver, because the only thing outside of the scope of that was the motion to dismiss the indictment. And that motion... And I suspect this is why you put the first question first, and the second question second. Sometimes you are able to discern candor in the way that the attorneys order their claims. And I think you realized, didn't you, that you had a really significant waiver problem here, because the motion to dismiss the indictment raised the first question. The one that you, quite legitimately, brought up before us. There's a reason why the first question is first, and the second question is second, and the second question faces... You know, you have to be a high hurdler to get over all the different things you need to do in that second question. Your Honor, I would just call... I don't know the case names right offhand, but I would call the court's attention to... There is a Fourth Circuit law for the proposition that plea agreements be construed narrowly against the government. And my contention would be that the plea agreement be construed narrowly against government for the purpose of preserving this error. I see I'm out of time. Can I make one more comment briefly? You sure may. Yes, Your Honor. In terms of the government's motion to supplement, Rule 10 is very limited, and I believe under Dickey v. Green, which was an en banc decision, that the government doesn't have a right to submit the indictment. Further, it's my view under DeCamp that even if this were submitted, it would not count, because under DeCamp, one looks at the phrase of conviction as opposed to the exact finding of facts. Before you sit down, on top of the hurdles that Judge Wilkinson mentioned with respect to the second issue, and this also applies with respect to the first issue, I thought I recall seeing in your brief that you thought the remedy in this case would be to dismiss the indictment with prejudice. What is the basis for that? It seems to me that the only remedy, the logical remedy, if we agree with you, is that your client gets to set aside his plea and we start all over again. That is my view because of... Which is your view? It's my view that, well, let me put it this way. I believe under DeCamp, the best resolution of this case is dismissal with prejudice, but if the court should disagree with that, then Mr. Bridges would be happy to accept a remand to the district court. Thank you. If I may reserve my remaining time, Your Honor. Well, sure. Ms. Parkhorse? Good morning. And is a preliminary matter, what was the penalty? What was the sentence in this case on a guilty plea? Frankly, Your Honor, I don't recall off the top of my head. I've been so focused on the legal arguments. Pardon me, what was the sentence? I don't recall off the top of my head. I can find it very quickly, I think. I've been so focused on the legal arguments and I didn't handle the case below. He was sentenced to 18 months imprisonment. 18 months. Has he done anything since 1996 other than, since the 1990s, other than fail to register? He's not been convicted of anything and I'm not aware of any other additional crimes he's committed. I mean, you know, it's not, it's not my job to second-guess Congress, but it just strikes me as odd that, you know, somebody who, there's no pattern of mis, I mean, no misconduct that I can see since the year 2000. We're now in 2013. If he's been convicted of something, as you point out, it certainly hasn't come up. But, you know, somebody's essentially failed to register, but he hasn't done anything else in a long, long period of time. And here he's facing 18 months of jail time. I suppose that's where the statute goes. The statute goes, we've got to follow it, but it seems harsh to me. Well, Your Honor, I... Can you, can you just allay my concerns about that? I think I, in several ways. First, I think that... Maybe I'm misperceiving. Well, no, I think that SORNA recognizes and Congress recognizes that the vast majority of these crimes go unreported, which was part of the reason that they believed it was so important to have a comprehensive national registry so that people could monitor where sex offenders were. I mean, I guess that's true, but if we take that philosophy that the vast majority of all crimes go, if not unreported, at least undetected. But, you know, when you assess someone's criminal past, you can't go on the assumption that all these things are unreported. You have to look at what someone's actually been convicted of. I mean, the whole, it just, the whole scheme seems draconian, and I'm, you know, it is what it is, and I understand what my duty is, but sometimes, sometimes things seem a little harsh, and if you can make me feel better about it, help me out. I think the most important point is that SORNA doesn't dictate any mandatory minimum sentencing. The court was free to and did, in fact, analyze all of the 3553 factors to determine what an appropriate penalty for Mr. Bridges was, and the court was certainly free to have determined that a variance to probation would have been appropriate in light of the lack of... The guilty plea didn't set the sentence? No, Your Honor. It was just the guilty plea was simply to failure to register. Well, then what was the sentence of 18 months predicated on? What were the district court's reasons on that point? Your Honor, I can't point to that. I wasn't present at the sentencing, and I didn't... Well, there must have been some reason that the person is given 18 months. I would suspect it has to do with the fact that the person was well aware of the requirement to register. They'd previously been convicted of failure to register. It was quite a blatant effort on his part to move to Michigan, not register. He indicated he was aware of his requirement to register by actually going to Michigan to register, he claimed, and was told, well, you need to have a driver's license or proof of residency before you can register, and then he just neglected to do that. He failed to register in every state in which he lived, as I read it. He failed to register in Florida, for which he was convicted. Then in Virginia, he moved without registering to another location in Virginia, and then he moved to Michigan without registering. So he does have a pattern of evading the sex offense registry. Yes, Your Honor. Which is designed to keep track of sex offenders. Yes. Yes, ma'am. And I think that the district court... I'm not going to speak for the district court because I don't recall exactly what reasons he stated, but it certainly would have been reasonable to presume that that blatant flaunting of the law over and over again justifies a particular punishment in light of the fact that Congress... That's a fair point. As to the issues raised by the defense in this appeal, we would ask that the court recognize that the only issue that is properly before it is whether the Nolo contendere plea with adjudication withheld is sufficient to establish the conviction. The other issue that he raises was not only not raised before the district court and waived subject to the appellate waiver, but was actually relinquished in light of his guilty plea in which he stipulated, necessarily stipulated, to that prior conviction with a small exception of that carved out by the motion to dismiss. And so we think that the court should limit its consideration only to the first issue and that the law is, as the district court, for the reasons set out by the district court and as the district court found, the law is fairly settled. It all comes down to probation being a penal consequence, doesn't it? Yes, sir. And if probation is a penal consequence, then it's a conviction as it's been defined. Yes, sir. And the Supreme Court was quite clear in Dickerson, which was substantially abrogated by statute, but that many courts have followed the reasoning of Dickerson, which specifically states that you cannot be, you cannot suffer a term of probation if you have not been convicted of an offense. And that reading is consistent with the clear congressional intent of SORNA, which was to create a comprehensive registry to encompass sex offense convictions no matter how they are styled, no matter how they are defined by the state. That Congress is trying to reach all of the conduct that constitutes sex offense and crimes against children when it enacted SORNA. And the defensive reading of the statute eviscerates that, particularly the reading that you should somehow incorporate. I spent some time discussing Florida law, and Judge Diaz raised the question about what difference does the Florida law make if it's a federal sentencing question. I was surprised you went into the Florida law. Does the Florida law actually make a difference here? No, and I apologize because upon review of my brief, we were also surprised we spent so much time on state law. And I think what we were getting at, I think the brief was too defensive and not proactive enough. What we were getting at was that it's clearly a conviction no matter which one you use. Even if you were for some reason to accept the defense argument, it's still a conviction under state law. But for the federal purposes, I would agree that state law is irrelevant. It is a matter of federal law unless Congress specifically says they want to incorporate state law. The word is used in a federal statute. Yes. And the federal statute gives the Attorney General some authority in defining it. You've got, in addition, two circuits out there indicating an understanding of this that we've sort of expressed in our different questions. Yes, sir. And I would just point out that the Attorney General's guidelines are also consistent with the clear language of SORNA, in which the Congress expressed their congressional intent in the language of the statute itself, that things should be treated uniformly and expansively to make sure that all convicted offenders are included. Do you have anything that we haven't covered in our questions or that you haven't covered in your brief? Is there anything? The only point is, and I don't gather that the court is particularly concerned about this, but in the reply brief and in argument where defense counsel has raised a camp, I would just point out that the camp and the entire line of Shepard-Taylor cases has no applicability to this situation. And we cited the premise that all of these cases were regarding judicial determinations, and I think what we should have actually cited is the Sixth Amendment itself. All of those cases are grounded in concerns over the Sixth Amendment right to a jury trial. And they're concerned where courts, whether they're administrative judges or sentencing courts, are making judicially determined facts about prior convictions. In this context, the question of whether a person has been convicted of a prior sex offense is a jury question. It is an element of SORNA itself. The whole issue goes to the jury, and therefore, all of those Sixth Amendment concerns that led to the Shepard-Taylor line of cases are not implicated. And so, to the extent that both sets of arguments raised by the defense are grounded in Shepard-Taylor and the camp, we would submit that those cases... It seemed to me a totally different kind of question than what the camp was concerned with. Yes, sir. And it's much more in line with the question that the Supreme Court addressed in United States v. Hayes in 2009, where they questioned whether the domestic relationship element of the misdemeanor crime of domestic violence, prohibition to firearm possession, whether that element needed to be incorporated in the statute such that it was subject to Shepard-approved, the categorical approach under Shepard, or whether it was something that the government could prove with whatever evidence it could muster at trial and ruled that it was not meant to be an element of the underlying state conviction and the government could put on whatever evidence it had to prove that domestic relationship. And these questions, the consensual teenage sex exception and the matter of the conviction itself, we would submit, fall under that category, like Hayes and Old Chief, where they determined that the government could use whatever evidence. I have a real question as to whether that's even up properly before us. Yes. Yes, Your Honor. But the question also, the defense raises that question in the context of the first issue as well, saying that Shepard-Taylor governs what we can prove, the conviction itself, and I would just submit that it does not. Let me ask my colleagues if they have any further questions. Read on. Thank you. Mr. Batch. Thank you. Let me respond briefly to the DeCamp point. DeCamp said that there were three separate reasons why it was applying a categorical approach to ACCA, and those three were the categorical approach that Congress had intended, the fact that the Yes, but it's a totally different situation, because in DeCamp and the other cases, you're looking at the question of what kind of predicate conviction would it and how do you go about doing that? And here you're not looking at what kind of conviction it is. You're simply looking at the question of whether there was a conviction and how you define the conviction. It's the fact of a conviction rather than what kind of a conviction that's before us now. So how do we... People try to complicate things, and I don't blame you, but DeCamp is not relevant to this, where we try to determine the nature of a particular prior conviction, because we're just trying to determine whether there was a conviction at all here, and of course there was a penal consequence to it, and we can't ignore the fact that when a penal consequence attaches to something, even to a conviction, then it's a conviction. You just can't do an end run around the whole statute. Your Honor, let me answer the Court's comments in two ways. We need to address the question of how in the world we can possibly hold this not to be a conviction. It is not a conviction because the adjudication was withheld. But what was not withheld was the penal consequence. It may be that the adjudication, as you put it, is withheld, but the penal consequence attached immediately. There was nothing postponed or withheld about that. It's not so clear to me, Your Honor, that that actually happened when you look at the record, because the judgment says that if he enters the Army, then the probation was going to disappear, and although there's no evidence in the record that he entered the Army, it at least puts a question mark about what the status is. Until he entered the Army, the probation attached. And if he entered the Army three days, three months later, for those three months, he was on probation, and the penal consequence attached. There isn't a discussion in the Supreme Court opinion about penal consequences lasting for a long time and penal consequences lasting for a short time. So how do we bring the Army into it? And I'm not one of those, but some might say that being forced to join the Army would be a penal consequence. Your Honor, I think as somebody who's, like yourself, who supports the Army, I don't believe that that would be a penal consequence, but let me let me just make two limited points. One about DeCamp. The reason that I was going to that analysis is because of the structure of ACCA. Both of them are categorical statutes that compare offenses, and for that reason what DeCamp has to say is instructive in this case. As to both whether your client suffered a conviction and the type of conviction that is a sex offense? Yes, Your Honor, because the withholding well, let me put it this way. The withholding of the adjudication is most significant because our common law and our, indeed our constitutional practices require that adjudication of guilt to say he was convicted. Where the state goes to the step of saying there has been no adjudication, the adjudication has been withheld then the person is not improper. There's a very narrow question that you presented to us and that is, is something a conviction where probation attaches but a so-called adjudication is withheld? That's the question before us. Does that qualify as a conviction? And I realize you're trying to broaden the field and move here and move there and I won't blame you but at the heart of it all is this very narrow point. Your Honor, let me finish just by saying that the smart guidelines fail to use the words as to a withheld adjudication. Given the lack of that, the rule of lenity controls this case and there was no adjudication of guilt and no conviction. Thank you. Thank you. We'd like to come down in Greek Council and move directly into our next case.
judges: J. Harvie Wilkinson III, Albert Diaz, Stephanie D. Thacker